[Cite as *Esber Beverage Co. v. Wine Group, Inc.*, 2012-Ohio-1215.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| ESBER BEVERAGE COMPANY | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2011CA00179 |
| THE WINE GROUP, INC., et al. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
Common Pleas, Case No. 2010CV02750


JUDGMENT:               AFFIRMED


DATE OF JUDGMENT ENTRY:      March 19, 2012


APPEARANCES:

For Appellants:

BRETT S. KRANTZ
JONATHAN T. HYMAN
One Cleveland Center, 20th Floor
1375 E. 9th St.
Cleveland, OH 44114-1793

For Appellee:

LEE E. PLAKAS
GARY T. CORROTO
220 E. Market Ave. S., 8th Floor
Canton, OH 44702

STANLEY R. RUBIN
437 Market Ave. N.
Canton, OH 44702

*Delaney, J.*

{¶1} Defendants-Appellants The Wine Group, Inc. and The Wine Group, LLC appeal the November 17, 2010 and July 15, 2011 judgment entries of the Stark County Court of Common Pleas.

**STATEMENT OF THE FACTS AND CASE**

{¶2} Appellant The Wine Group, Inc. ("TWG") is a manufacturer of wine, as defined under Ohio law. Plaintiff-Appellee Esber Beverage Company is a distributor of alcoholic beverages within the state of Ohio. For the past 25 years, Esber has had an exclusive franchise relationship with TWG, whereby it has acted as the exclusive distributor of TWG products in and around northeastern Ohio.

{¶3} On July 2, 2010, TWG sent a letter to Esber stating TWG was terminating Esber's franchise effective September 6, 2010. TWG stated in its letter that it determined it was in TWG's best interests to move distribution of its wine products in Ohio to a single statewide distributor, Dayton Heidelberg Distributing Company. The July 2, 2010 termination letter does not allege Esber breached the franchise agreement, deficiently performed under the agreement, or violated any section of the Ohio Alcoholic Beverage Franchise Act ("OABFA"), R.C. 1333.82, et seq.

{¶4} Esber filed a complaint against TWG and Dayton Heidelberg Distributing Company in the Stark County Court of Common Pleas. The complaint stated claims for declaratory judgment under OABFA, injunctive relief, unjust enrichment, intentional interference with a business relationship, and conspiracy. Esber argued TWG's termination of the franchise agreement violated the OABFA. TWG removed the case

to federal court.  On August 30, 2010, the federal court remanded the case to the Stark County Court of Common Pleas.

{¶5}  Esber filed a Motion for Temporary Restraining Order on September 1, 2010.  The trial court granted the TRO after a hearing and by agreement of the parties and the trial court, the TRO was converted to a preliminary injunction on September 8, 2010.

{¶6}  Esber filed a Motion for Partial Summary Judgment as to its claims for declaratory judgment and permanent injunction.  Esber argued that it was entitled to judgment as a matter of law based on the OABFA, specifically R.C. 1333.85.  The trial court held a non-oral hearing on the motion and on November 17, 2010, it granted Esber's motion for partial summary judgment.  The trial court determined TWG's decision to cancel its franchise relationship with Esber on that basis that it was in its "best interests" to consolidate into one statewide distributor was without "just cause" and in violation of R.C. 1333.85.  Based on the trial court's judgment, Esber amended its complaint to remove its claim for permanent injunctive relief.

{¶7}  After proceeding through discovery, Esber filed a motion to dismiss its remaining claims and to convert the November 17, 2010 Judgment Entry into a final, appealable order.  By Judgment Entry dated July 15, 2011, the trial court entered a final, appealable order.

{¶8}  It is from these judgment entries TWG now appeals.

**ASSIGNMENT OF ERROR**

{¶9}   TWG raises one Assignment of Error:

{¶10}  "I. THE TRIAL COURT ERRED IN CONCLUDING THAT A STATEWIDE CONSOLIDATION OF THE DISTRIBUTION OF PRODUCTS, AS A MATTER OF LAW, CANNOT CONSTITUTE 'JUST CAUSE' FOR TERMINATION UNDER [THE] OHIO ALCOHOL BEVERAGE FRANCHISE ACT, R.C. 1333.82-1333.87."

**STANDARD OF REVIEW**

{¶11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987).  As such, we must refer to Civ.R. 56(C) which provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶12} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

## DISCUSSION

### A. Ohio Alcoholic Beverage Franchise Act

{¶13} The parties agree this matter is to be resolved under the OABFA. The OABFA was passed by the General Assembly in 1974 and the Act governs the franchise relationship between manufacturers and distributors of alcoholic beverages in Ohio. The OABFA affords Ohio beer and wine distributors unique protections. It has been held the purpose of the OABFA is "to remedy the lack of equal bargaining power between Ohio's alcoholic beverage wholesalers and out-of-state beverage manufacturers." *Esber Beverage Co. v. LaBatt USA Operating Co.*, Stark C.P. No. 2009CV03142 (Dec. 1, 2009). Accord, *Beverage Distributors, Inc. v. Miller Brewing Co.*, 803 F.Supp.2d 765 (S.D. Ohio 2011); *Hill Distributing Co. v. St. Killian Importing Co., Inc.*, S.D. Ohio No. 2:11-CV-706, 2011 WL 3957255 (Sept. 7, 2011).

{¶14} At issue in the present case is R.C. 1333.85. The statute reads, in pertinent part:

(A) Except as provided in divisions (A) to (D) of this section, no manufacturer or distributor shall cancel or fail to renew a franchise or substantially change a sales area or territory without the prior consent of the other party for other than just cause and without at least sixty days'

written notice to the other party setting forth the reasons for such cancellation, failure to renew, or substantial change.

* * *

(B) The occurrence of any of the following events shall not constitute just cause for cancellation of or failure to renew a franchise or substantially changing a sales area or territory without the prior consent of the other party:

* * *

(3) A unilateral alteration of the franchise by a manufacturer for a reason unrelated to any breach of the franchise or violation of sections 1333.82 to 1333.86 of the Revised Code by the distributor;

* * *

{¶15} There is no dispute in this case that R.C. 1333.85 prohibits the termination of a franchise between a manufacturer and a distributor absent "just cause." The issue between the parties is what constitutes "just cause." TWG argues that a manufacturer may terminate a franchise with just cause if the basis for the termination is a reasoned and legitimate business decision. In contrast, Esber contends a manufacturer's unilateral business decision to terminate the franchise, without a distributor's breach or nonperformance, cannot be considered just cause.

**B. Just Cause under R.C. 1333.85**

{¶16} The OABFA does not define "just cause." There is a dearth of case law as to the meaning of "just cause" utilized in the statute. The parties point this Court to two divergent federal district court opinions as to the meaning of "just cause." TWG

urges this Court to find *Superior Beverage Co., Inc. v. Schieffelin & Co.*, N.D. Ohio Nos. 1:05 CV 0834, 4:05 CV 0868, 2007 WL 2756912 (Sept. 20, 2007), dispositive of the definition of just cause. Esber relies upon *Tri-County Wholesale Distributors, Inc. v. The Wine Group, Inc.*, S.D. Ohio No. 2:10-cv-693, 2010 WL 3522973 (Sept. 2, 2010) for the definition of just cause. As will be discussed below, we find the determination of *Tri-County Wholesale Distributors, Inc. v. The Wine Group, Inc.*, supra, to be dispositive of the meaning of "just cause."

{¶17} In *Schieffelin*, the defendant manufacturer terminated the plaintiff distributorship in order to consolidate the distribution network to a single distributor. The court defined just cause as "a requirement of minimum rationality and business purpose," relying upon *Dayton Heidelberg Distrib. Co. v. Vineyard Brands, Inc.* 74 F.Appx. 509 (6th Cir. 2003) and *Francis A. Bonanno, Inc. v. ISC Wines of California*, 56 Ohio App.3d 62, 564 N.E.2d 1105 (2nd Dist. 1989) to support its holding. *Schieffelin* at *5. "[O]nly where the manufacturer's business dissatisfaction is entirely arbitrary is just cause lacking." *Id.* at *6. "Although the manufacturer may meet its burden by pointing to wrongdoing on behalf of the franchisee, the case law requires only bare business judgment." *Id.*

{¶18} The *Schieffelin* court determined the manufacturer's reasons for terminating the franchise relationship were rooted in "minimum rationality and business purpose." *Schieffelin, quoting Dayton Heidelberg, supra*. *Schieffelin* concluded the manufacturer's business reasons for consolidating to a single distributor constituted just cause.

{¶19} The court in *Tri-County Wholesale Distributors, Inc. v. The Wine Group, Inc., supra*, was presented with the identical issue as in *Schieffelin*: the manufacturer terminated the franchise so the manufacturer could consolidate their distribution network to a single statewide distributor. In deciding the meaning of "just cause," the district court reviewed the *Schieffelin* decision in comparison to a case reaching an opposite result, *Dayton Heidelberg Distrib. Co. v. Vintners Intern. Co. of New York*, S.D. Ohio No. C-3-87-436, 1991 WL 1119912 (Apr. 8, 1991). In *Vintners*, the manufacturer terminated the distributorships solely to implement a new marketing strategy where there were fewer distributors. The *Vintners* court discussed the meaning of just cause under the OABFA:

> [T]he Alcoholic [Beverage] Franchise Act was enacted to provide some protection to local distributors from the vagaries of the marketplace. If manufacturers could cancel franchises simply for business motivations, that protection would become illusory; there would be no need for such a legislative act. A rational manufacturer will never cancel a distributorship unless it feels that the cancellation would be to its profit and advantage. Thus, virtually all cancellations are for "legitimate business reasons," a fact surely well known to the Ohio legislature. Under a capitalist system of commerce, where a rational businessman always seeks to maximize profits, there is no need for a statute requiring the cancellation of a franchise agreement to be based upon a legitimate business reason. Therefore, just cause must mean

something more than a manufacturer's unilateral determination that it could make more money if a franchise were terminated.

Vintners contends, perhaps correctly, that this interpretation of the Act means that a manufacturer could be locked into an unprofitable situation if changing market conditions render its current distribution network inadequate. This may well be. However, the Ohio legislature has determined that this is a business risk which must be assumed by all manufacturers of alcoholic beverages which avail themselves of the rights and privileges of marketing their wares in Ohio. This Court can only interpret the will of the legislature; it cannot pass judgment on the wisdom of its pronouncements.

Vintners argues strenuously that the case law supports its interpretation of the Act. This is not so. There are, in fact, no cases which deal with this particular situation, i.e., where a manufacturer has cancelled a franchise without alleging any sort of discontent with that distributor's performance. In *Bonanno*, for example, the court found that the importer had permissibly cancelled a franchise because the distributor had failed to meet the importer's standards of "reasonable business aggressiveness." Vintners has made no such claim against Plaintiffs.

*Dayton Heidelberg Distrib. Co. v. Vintners Intern. Co. of New York,* supra, at *8.

{¶20} *The Wine Group* court found *Vintners* and *Schieffelin* were irreconcilable. *The Wine Group,* supra, at *3. Upon review, the district court found the reasoning in *Vintners* to be more persuasive.

{¶21} First, the court found that in the cases relied upon by *Schieffelin*, there was more to the manufacturers' decisions to terminate the franchises than simply a marketing strategy. In those cases, there was a deficient performance by the distributor that resulted in the termination of the franchise. *The Wine Group*, supra at *4.

{¶22} Second, *The Wine Group* court found that *Vintners* considered the impact of R.C. 1333.85(B)(3) to the issue of just cause, while *Schieffelin* (decided in 2007) never mentioned the subsection in its decision. Effective September 26, 1990, a new subsection was added to R.C. 1333.85 that reads:

(B) The occurrence of any of the following events shall not constitute just

cause for cancellation of or failure to renew a franchise or substantially

changing a sales area or territory without the prior consent of the other

party:

* * *

(3) A unilateral alteration of the franchise by a manufacturer for a reason

unrelated to any breach of the franchise or violation of sections 1333.82

to 1333.86 of the Revised Code by the distributor * * *.

{¶23} While not applicable to the *Vintners* case because the statute was enacted during the pendency of the case, *Vintners* analyzed the meaning of the addition of R.C. 1333.85(B)(3) to the determination of just cause. *Vintners* held that

R.C. 1333.85(B)(3) "prohibits importers from terminating distributorships simply for purposes of restructuring an existing franchising network, as Vintners did here, absent a breach of duty by the franchisee." It further stated:

> [T]he legislature was aware that, in the absence of any formal definition of just cause, courts interpreting §1333.85 were applying a "case-by-case" analysis. By specifically defining what is *not* just cause, and leaving undefined what *is* just cause, the legislature has effectively agreed with the courts that the term "just cause" does not lend itself to a single, bright-line definition but, instead, is highly dependent upon the facts of the particular case.

> Finally, applying this fact-sensitive concept of just cause to the case at bar, there is little doubt that the Ohio legislature fully intended the result which the Court has reached. By amending the former §1333.85 to expressly prohibit franchise terminations based solely upon a manufacturer's unilateral decision to alter its distribution network, the legislature made clear its intent to disallow actions such as Vintners' cancellation of Plaintiffs' franchises, even though done in good faith.

*Vintners*, supra at *9.

{¶24} Our review of the case law presented on this matter demonstrates that *The Wine Group,* and its reliance upon *Vintners,* is more persuasive than *Schieffelin*. *Vintners* takes into consideration the purposes of the OABFA and R.C. 1333.85(B)(3) to determine the meaning of "just cause." As such, we consider *The Wine Group* to be dispositive of whether TWG had just cause to terminate its franchise with Esber.

### C. TWG Termination of Esber Franchise under *The Wine Group*

{¶25} TWG argues it had a legitimate business reason to terminate the franchise with Esber and therefore, just cause for termination. That decision, however, does not comport with the OABFA.

{¶26} R.C. 1333.85(A) states that a manufacturer shall not cancel a franchise without just cause. R.C. 1333.85(B)(3) explains that a unilateral alteration of the franchise by the manufacturer for a reason unrelated to a breach of the franchise or a violation of the OABFA is not just cause for cancellation of the franchise. The July 2, 2010 termination letter sent to Esber by TWG was a unilateral alteration of the franchise by TWG unrelated to any breach or violation by Esber. TWG argues in its reply brief that it did not *unilaterally alter* the franchise, but rather it *terminated* the franchise. We note that a reply brief is not the place for briefing new arguments that were not raised in appellant's brief. See App.R. 16(C). See, also, *State ex rel. Colvin v. Brunner,* 120 Ohio St.3d 110, 2008–Ohio–5041, 896 N.E.2d 979, ¶ 61.

{¶27} Further, under the analysis and reasoning in *The Wine Group* and *Vintners* as to the meaning of just cause, reasonable minds can only conclude that TWG's business reasons for terminating the franchise were not just cause. We find our holding to be supported by the purpose of the OABFA:

> [T]he Alcoholic Beverage Franchises Act is designed in part to protect distributors from certain practices of beverage manufacturers. It recognizes that distributors often have a substantial investment in their businesses, including the physical assets and real property used to distribute the manufacturers' products, and that to allow a manufacturer

to unilaterally terminate a franchise agreement puts the franchise distributors at great harm. The just cause requirement for terminating a franchise agreement is intended to protect the franchisee from this type of arbitrary and potentially coercive act.

*Beverage Distrib., Inc. v. Miller Brewing Co., supra quoting Beverage Distrib., Inc. v. Miller Brewing Co.*, S.D. Ohio Nos. 2:08-cv-827, 2:08-cv-931, 2:08-cv-1112, 2:08-cv-1131, 2:08-cv-1136, 2:09-cv-0022, 2009 WL 1542730, at *5 (June 2, 2009).

{¶28} Under *Vintners*, *The Wine Group*, and R.C. 1333.85(B)(3), TWG's legitimate business reason to consolidate its distributors, without evidence of a breach or violation of the OABFA by Esber, does not constitute just cause to unilaterally terminate the franchise between TWG and Esber.

{¶29} Accordingly, TWG's sole Assignment of Error is overruled.

{¶30} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.

Wise, P.J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

[Cite as *Esber Beverage Co. v. Wine Group, Inc.*, 2012-Ohio-1215.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ESBER BEVERAGE COMPANY | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| THE WINE GROUP, INC., et al. | : | |
| | : | |
| | : | Case No. 2011CA00179 |
| Defendants-Appellants | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellants.

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS